IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-09355-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| 1st Shift Employees of the Greenville SC Bond Court, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On December 3, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without issuance and service of process, and without leave to amend. ECF No. 14. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF No. 16. Plaintiff also previously filed a response to the proper form order. ECF No. 8.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. In his objections, Plaintiff states that he is not a pretrial detainee and that he is being held unlawfully. ECF No. 16. He asserts that he has been unlawfully denied bond. He asserts that Judge Hudson and Magistrate Judge McDonald have violated his rights. He contends that ECF Nos. 12, 13, and 14 are invalid. *Id.* at 2. Plaintiff asserts that he has named a person amenable to suit. *Id.* at 3. He contends that the detention center cannot operate a mental health facility and asserts that he is being incorrectly kept on one wing of the detention center when he has been found legally competent. He may assert that he has been denied adequate health care and that he should receive more outdoor time. *Id.* Because Plaintiff filed objections, the Court's review has been de novo.

As noted by the Magistrate Judge, to the extent Plaintiff seeks to direct his Court to investigate his claims, federal courts do not investigate state law enforcement or bring criminal charges. Further, Plaintiff, as a private citizen, lacks a judicially cognizable interest in the prosecution of another. Accordingly, this request is denied.

Plaintiff brings his claims against an entity that is not a "person" under § 1983. Accordingly, his claims are subject to dismissal. Moreover, as set forth in greater detail by the Magistrate Judge, Plaintiff's allegations are frivolous. Thus, the complaint is subject to dismissal.

To the extent Plaintiff's objections or ECF No. 7 should be liberally construed as objections to the Magistrate Judge's orders at ECF Nos. 12 and 14, those objections are overruled. The Magistrate Judge's orders are non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. *Id*. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. *Id*. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. *Id*. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333

U.S. 364 (1948).  The Court has reviewed the Magistrate Judge's orders and Plaintiff's objections.  Upon such review, the Court finds that the Magistrate Judge's orders are neither clearly erroneous nor contrary to law.  Accordingly, the objections are overruled.[1]

## CONCLUSION

Accordingly, the Court agrees with the Report of the Magistrate Judge.  This action is **DISMISSED** with prejudice, without issuance and service of process, and without leave to amend.  Plaintiff's objections to the Magistrate Judge's orders are overruled.

Plaintiff has established himself as a frequent filer in this Court.  Therefore, any further filings in this case will be reviewed but will not receive a response unless one is deemed necessary by the undersigned or Magistrate Judge McDonald.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

February 24, 2026
Spartanburg, South Carolina

---

[1] To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied.  Recusal of federal judges is generally governed by 28 U.S.C. § 455.  Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).  It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases.  However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.